UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM AUBREY BISPHAM,

              Plaintiff,

v.                                    Case No. 3:11-cv-517-J-12JRK

JAMES ROY BEAN, etc.; et al.,

              Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff William Aubrey Bispham, an inmate of the Florida penal system, is proceeding *pro se* and *in forma pauperis*, on a Civil Rights Complaint (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983.   In the Complaint, Plaintiff names as Defendants Suwannee County Circuit Court Judge James Roy Bean; Assistant State Attorney Ernest Page III; and First District Court of Appeal Judges Peter D. Webster, Paul M. Hawkes, Jr., and Marquerite Davis.

In the statement of claim, Plaintiff asserts that he was deprived of due process of law by the denial of his motion for post

conviction DNA[1] testing. He alleges that Assistant State Attorney Page, on October 12, 2006, filed a response to Plaintiff's Amended Motion for Post Conviction DNA testing, and the response misrepresented to the trial court that DNA testing would not exonerate Plaintiff. Additionally, he alleges that Defendant Page misrepresented the law and the facts, urging the trial court to deny the motion. Plaintiff filed a reply to the response. Judge Bean, on February 4, 2008, denied the motion for post conviction DNA testing. Plaintiff asserts that the trial judge's reasoning was flawed and the trial transcript contradicts Judge Bean's reasons for denying the motion. Thereafter, Judge Bean denied Plaintiff's motion for rehearing.

Plaintiff appealed, and the First District Court of Appeal, Judges Webster, Davis, and Hawks, per curiam affirmed Judge Bean's decision on November 19, 2008. The mandate issued on December 16, 2008.

As relief, Plaintiff asks this Court to enter an order directing the Defendants to give Plaintiff access to all of the evidence requested through his motion for post conviction DNA testing. He wants the evidence produced for the purpose of DNA testing.

The Prison Litigation Reform Act (hereinafter PLRA) requires the Court to dismiss this case at any time if the Court determines

---

[1] Deoxyribonucleic acid.

that the allegation of poverty is untrue, 28 U.S.C. §
1915(e)(2)(A), or the action is frivolous, malicious, fails to
state a claim upon which relief can be granted, or seeks monetary
relief against a defendant who is immune from such relief. See 28
U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read
Plaintiff's *pro se* allegations in a liberal fashion. Haines v.
Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either
in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.)
(citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th
Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which
fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not
automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328
(1989). Frivolity dismissals should only be ordered when the legal
theories are "indisputably meritless," id. at 327, or when the
claims rely on factual allegations which are "clearly baseless."
Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim
may be dismissed as frivolous when it appears that a plaintiff has
little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on
whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct
> complained of was acting under color of state
> law; and (2) whether the alleged conduct
> deprived a person of rights, privileges or
> immunities guaranteed under the Constitution

- 3 -

or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), <u>overruled on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); <u>Burch v. Apalachee Community Mental Health Services, Inc.</u>, 840 F.2d 797, 800 (11th Cir. 1988), <u>aff'd by</u>, <u>Zinermon v. Burch</u>, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996);

The Court is convinced, upon review of the Complaint, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation. Plaintiff is complaining about judicial decisions made with respect to his post-conviction proceedings, including an affirmance of a trial court decision by the state appellate court. To the extent Plaintiff is seeking to impose liability on the defendant judges, they are immune from suit in performing these judicial responsibilities. <u>Sun v. Forrester</u>, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), <u>cert. denied</u>, 503 U.S. 921 (1992). Indeed, judges are absolutely shielded from civil liability for acts committed while acting within their judicial capacity unless those acts are determined to be in the "clear absence of all jurisdiction." <u>Harris v. Deveaux</u>, 780 F.2d 911, 914 (11th Cir. 1986). This immunity applies even if the judges' acts are in error, malicious, or were in excess of the judges' jurisdiction.

- 4 -

<u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978). Thus, Plaintiff's claims against the judges are due to be dismissed.

Plaintiff may be seeking post conviction relief (to be exonerated from his criminal conviction). The proper avenue to seek such relief is through a petition for writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254. To the extent Plaintiff may be seeking post conviction relief in this action, he is improperly seeking to pursue successive habeas relief.[2]

Upon review of the Complaint, it appears that Plaintiff is asking this Court to direct the Defendants to grant his motion for post conviction DNA testing and to provide him with the evidence for DNA testing. Apparently, Plaintiff is requesting that this Court issue a writ of mandamus compelling the judicial officers and the assistant state attorney to perform their duties and to make particular judicial rulings or filings in Plaintiff's post

---

[2] Before a second or successive habeas corpus application may be filed in a United States District Court, Plaintiff is required to obtain an order from the United States Court of Appeals for the Eleventh Circuit, authorizing the district court to consider his application. <u>See</u> 28 U.S.C. §2244(b)(3)(A). The Court notes that Plaintiff's convictions are from Suwannee County, Florida, and he has previously unsuccessfully sought post conviction relief in this Court. The Court takes judicial notice of <u>Bispham v. McNeil</u>, Case No. 3:09-cv-611-J-20TEM. In denying the petition for writ of habeas corpus, the Court said, "even if he had obtained further DNA testing, such testing would not show factual innocence under these particular circumstances." <u>Id</u>. (Order, Doc. #25, at 20-21). The Court explained that Plaintiff was charged as a principal to felony murder; therefore, the presence of DNA from a third party would not serve to exonerate Plaintiff. <u>Id</u>. (Order, Doc. #25 at 17-21).

conviction and appellate proceedings.  First, it should be noted that this Court does not act as a super appellate court for the state courts.  Any such relief should be sought in the state court system, not the federal system.  In addition, writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure.  The Courts of the United States have no authority to issue writs of mandamus to direct state court judges or assistant state attorneys in the performance of their duties.  That is exactly the relief Plaintiff is seeking in this case.

Pursuant to 28 U.S.C. § 1651, federal courts may grant equitable relief, sometimes referred to as writs of mandamus. Plaintiff is not entitled to the mandamus relief that he now seeks in this Court.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law."  See Corn v. City of Lauderdale Lakes, 904 F.2d 585, 587 (11th Cir. 1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651 (2000); see also Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1385 (11th Cir. 1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task).

<u>Preferred Sites, LLC v. Troup County</u>, 296 F.3d 1210, 1220 (11th Cir. 2002).  Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion."  <u>Jackson v. Motel 6 Multipurpose, Inc.</u>, 130 F.3d 999, 1004 (11th Cir. 1997).

To be entitled to mandamus relief, Plaintiff must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty in the Respondent to perform the action sought; and, (3) the absence of an adequate alternative remedy.  <u>Mallard v. U.S. Dist. Court for Southern Dist. of Iowa</u>, 490 U.S. 296, 309 (1989); <u>Stephens v. Dept. of Health & Human Servs.</u>, 901 F.2d 1571, 1576 (11th Cir.), <u>cert. denied</u>, 498 U.S. 998 (1990); <u>District Lodge No. 166. v. TWA Servs. Inc.</u>, 731 F.2d 711, 717 (11th Cir. 1984), <u>cert. denied</u>, 469 U.S. 1209 (1985) (quoting <u>Carter v. Seamans</u>, 411 F.2d 767, 773 (5th Cir. 1969)).

Here, Plaintiff has not met his burden.  He has not shown that he is entitled to this drastic remedy.

> Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available.  It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.  <u>Lamar v. 118th Judicial District Court of Texas</u>, 440 F.2d 383 (5th Cir. 1971); <u>Haggard v. State of Haggard v. State of Tennessee</u>, 421 F.2d 1384 (6th Cir. 1970); <u>Clark v. State of Washington, et al.</u>, 366 F.2d 678, 681-82 (9th Cir. 1966); <u>Dunlap</u>

> v. Corbin, 532 F.Supp. 183, 187 (D. Ariz.
> 1981), aff'd 673 F.2d 1337 (9th Cir. 1982);
> Lessard v. State of Wisconsin, 449 F.Supp.
> 914, 915 (E.D. Wis. 1978).

Andujar v. Crosby, No. 8:06-cv-70-T-17TGW, 2006 WL 146205, at *2
(M.D. Fla. Jan. 18, 2006) (not reported in F.Supp.2d).

This Court does not have jurisdiction to issue a writ of
mandamus to direct the state court or any of its judges to make
particular rulings in a criminal case in post conviction
proceedings or on appeal of those proceedings. Additionally, the
Court does not have jurisdiction to issue a writ of mandamus to
direct an assistant state attorney to take a particular stance when
responding to a defendant's post conviction motion. Plaintiff is
not entitled to mandamus relief.

Finally, prosecutors are entitled to "absolute immunity from
damages for acts or omissions associated with the judicial process,
in particular, those taken in initiating a prosecution and in
presenting the government's case." Bolin v. Story, 225 F.3d 1234,
1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424
U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th
Cir. 1999); and, Fullman v. Graddick, 739 F.2d 553, 558-59 (11th
Cir. 1984)). Thus, Assistant State Attorney Page is absolutely
immune from suit in this case.

Under the circumstances as described in the Complaint, it
appears that Plaintiff has little or no chance of success on his

claims against the Defendants.  Consequently, this case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    This case is **DISMISSED WITHOUT PREJUDICE** as frivolous.

2.    The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st. day of J UNE , 2011.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 5/25
c:
William Aubrey Bispham

- 9 -